**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| DENITA JONES, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>SEQUOIA EQUITIES, INC., a foreign corporation,<br><br>            Defendant. | Case No. 2:22-cv-00626<br><br>**NOTICE OF REMOVAL**<br><br>[Clerk's Action Required] |

**TO:          CLERK OF THE COURT**

**AND TO:     PLAINTIFF DENITA JONES AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1367, and 1441(c), Defendant Sequoia Equities, Inc. ("Sequoia"), hereby removes the instant action from the King County Superior Court for the State of Washington, Case No. 22-2-04945-6-KNT, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a). This Notice of Removal is supported by the Declarations of Adam T. Pankratz ("Pankratz Decl.") and Enrica Suson ("Suson Decl.") filed concurrently herewith, and Defendant's statements of facts and arguments below.

NOTICE OF REMOVAL - 1
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## I.   BACKGROUND

1.     On April 6, 2022, Plaintiff commenced this action by causing to be filed a Summons and Complaint for Damages in this action in the King County Superior Court for the State of Washington, captioned *Denita Jones v. Sequoia Equities, Inc.*, bearing the case number 22-2-04945-6-KNT (the "Complaint").  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and to the Pankratz Decl. at Exhibit 1.

2.     On April 6, 2022, Plaintiff filed its Summons to Defendant with the Snohomish County Superior Court.  *Id*. at ¶ 3, Ex. 2.

3.     On April 6, 2022, the King County Superior Court issued its Civil Case Cover Sheet, Pankratz Decl. at ¶ 4, Ex. 3, and its Order Setting Civil Case Schedule.  *Id.* at ¶ 5, Ex. 4.

4.     Sequoia Equities, Inc. ("Sequoia" or "Defendant") is a foreign corporation registered outside of Washington State, and its senior management team directs, controls, and coordinates Sequoia's operations from outside Washington State.  Suson Decl. at ¶ 5.

5.     According to the Declaration of Service filed by Plaintiff, Plaintiff served Sequoia's registered Washington agent with a copy of the Summons and Complaint on April 8, 2022.  Pankratz Decl. at ¶ 6, Ex. 5.

6.     On April 27, 2022, counsel for Sequoia, Adam T. Pankratz and Emma A. Healey, filed a Notice of Appearance on behalf of Sequoia in the King County Superior Court. Pankratz Decl. at ¶ 7, Ex. 6.

7.     The foregoing Exhibits 1-6 constitute all of the process, pleadings, and orders either served upon Sequoia or filed in this action.  Pankratz Decl. at ¶ 8.

8.     The deadline for Sequoia to remove the action has not expired since receipt by Sequoia of the Summons and Complaint.  Sequoia has not voluntarily invoked or submitted to the jurisdiction of the King County Superior Court of the State of Washington in any manner.  *Id.* at ¶ 9.

NOTICE OF REMOVAL - 2
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

9.      No further proceedings have been had in the state court as of the date of this Notice. *Id.* at ¶ 10.

## II.      DIVERSITY JURISDICTION

10.      District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  It is the removing party's burden to establish that removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106–07 (9th Cir. 2010) (internal citations omitted). Each element of diversity jurisdiction is addressed below.

### A.      Diversity of Citizenship.

11.      Plaintiff and Sequoia are citizens of different states.  28 U.S.C. § 1332.

12.      Plaintiff's Citizenship.  For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is *prima facie* evidence of their domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff alleges that she is a resident of King County, Washington. *See* Complaint at ¶ 2.1, Pankratz Decl. at ¶ 2, Ex. 1.

13.      Sequoia's Citizenship.  A corporation is a citizen of the state it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).  The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the corporations' "nerve center," where a "corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80–81 (emphasis added).  The Supreme Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*  The nerve center test determines the "center of overall direction, control, and coordination." *Id.* at 96.  "Courts do not have to try to weigh corporate functions, assets, or

NOTICE OF REMOVAL - 3
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

revenues different in kind, one from the other." *Id.* For example, "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." *Id*.

14.    Sequoia is incorporated in California, and has its principal place of business in Walnut Creek, California. Suson Decl. at ¶ 5. Thus, Sequoia is a resident of the state of California.

15.    Therefore, for diversity jurisdiction, Plaintiff is a citizen of Washington, Defendant is a citizen of California, and complete diversity exists as between Plaintiff and Defendant. 28 U.S.C. § 1332.

B.    **Amount in Controversy.**

16.    The amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

17.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in her favor. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

18.    While the evidence must be admissible "summary-judgment type" evidence, it need not be undisputed. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Rather, the defendant need only establish that it is "more likely than not" that the amount in controversy requirement is satisfied. *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015). "Under this standard, the removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages." *Cagle v. C & S Wholesale Grocers, Inc.,* 2014 WL 651923, at *7 (E.D. Cal. 2014) (internal citations omitted). In determining the amount in controversy, the court must "assume that the allegations of the complaint are true and assume that

a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citations omitted).

19.   The Court may examine extrinsic evidence of the amount in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (court may require parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

20.   Plaintiff does not specify a damages sum in her Complaint. *See generally* Complaint. Plaintiff alleges she is entitled to special, general, and punitive[1] damages in an amount to be proven at trial, and her attorneys' fees and costs. Complaint at Sec. IX(b). Sequoia addresses Plaintiff's claims for: (1) special (economic) damages; (2) general (non-economic) damages; and (3) attorneys' fees and costs below.

### (1)   Special Damages.

21.   The Ninth Circuit recently explained that "amount in controversy" means "the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018). "The amount at stake" is all relief the plaintiff would be entitled to receive through the date of trial. *Id.* at 418. Accordingly, if a plaintiff is entitled to wage losses through trial, then the Court calculates those wage losses through trial without regard to the plaintiff's likelihood of recovery. *Id.* at 417. The *Chavez* court reasoned:

> If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy.

*Id.*

---

[1] Plaintiff's Complaint includes a reference and request to punitive damages, though Plaintiff's claims include none for which punitive damages are a recoverable element of damages.

NOTICE OF REMOVAL - 5
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

22.     Furthermore, mitigation is an affirmative defense, and therefore, it is disregarded for purposes of determining the amount in controversy. *See Geographic Expeditions,* 599 F.3d at 1108. "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would *essentially have to decide the merits* of the case before it could determine if it had subject matter jurisdiction." *Id.* (emphasis added). The likelihood of recovery is not part of the amount-in-controversy analysis. *Chavez,* 888 F.3d at 417–18. *See also Molina v. Target Corp.*, 2018 WL 3935347, at *3 (C.D. Cal. 2018) (citing cases and disregarding mitigation); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *3 (C.D. Cal. 2014) (quoting *St. Paul Mercury Indem. Co.* and disregarding mitigation); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. 2010) (citing *St. Paul Mercury Indem. Co.* and concluding "affirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum").

23.     Plaintiff broadly pleaded her claims to maximize her potential recovery. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) ("plaintiff is master of her complaint and can plead to avoid federal jurisdiction"). Here, Plaintiff has not alleged any facts or legal theories which would limit her recovery, and Sequoia calculates the amount at stake accordingly. In her Complaint, Plaintiff does not allege that she mitigated her damages. *See generally*, Complaint, Pankratz Decl., ¶ 2, Ex. 1.

24.     In this matter, Plaintiff's employment ended on April 29, 2021. Suson Decl. at ¶ 6. Sequoia accepted service of Plaintiff's Summons and Complaint on April 8, 2022. Suson Decl. at ¶ 4. A trial date for this matter was noted for April 3, 2023, as required by King County local rules. Pankratz Decl. at ¶ 4, Ex. 3. Considering the trial date, Plaintiff will seek at least 24 months of future lost wages, future lost benefits of employment, and consequential economic damages through trial. *See* Section IX. Prayer for Relief.

25.     Plaintiff earned $19.65 per hour and was generally scheduled to work 40 hours per week while working for Sequoia. Suson Decl. at ¶ 7. In sum, Plaintiff alleges at least 24 months

NOTICE OF REMOVAL - 6
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

of wage losses, totaling $81,744. Plaintiff's alleged wage losses are calculated by multiplying her hourly rate by 40 hours (weekly rate) times 52 weeks in a year (yearly rate) and dividing her annual pay by 12 months (monthly rate) and multiplying her monthly rate by 24 months (($19.65 x 40 hours per week x 52 weeks / 12 months) x 24 months).

26.    Thus, it is more likely than not that the amount-in-controversy at the time of trial will exceed $75,000 in special damages alone.

**(2)    General Damages.**

27.    A Court may estimate non-economic damages of $25,000 in employment cases for purposes of calculating the amount in controversy. *Kroske,* 432 F.3d at 980 (a district court may estimate that emotional distress damages in employment action "would add at least an additional $25,000" to plaintiff's claim). Washington juries award successful plaintiffs far greater than $25,000 for their emotional harm; therefore, it is a fair estimate of jury behavior. *See, e.g., Matson v. United Parcel Servs., Inc.*, No. C10-1528-RAJ, 2019 WL 652363, at *1 (W.D. Wash. 2019) ($500,000); *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, 2012 WL 13020051, at *1 (W.D. Wash. 2012) ($275,000); *Strange v. Les Schwab Tire Centers of Washington, Inc.*, No. C06-0045-RSM, 2010 WL 11527269, at *1 (W.D. Wash. 2010) ($42,600 per plaintiff); *Chuong Van Pham v. City of Seattle, Seattle City Light,* 159 Wn.2d 527, 531–32, 151 P.3d 976, 978 (2007) ($80,000 for Plaintiff 1, and $40,000 for Plaintiff 2); *Blaney v. Int'l Ass'n of Machinists And Aerospace Workers, Dist. No. 160,* 151 Wn.2d 203, 208, 87 P.3d 757, 759–60 (2004) (75,000).

28.    As such, assuming Plaintiff will prevail on her claims, which Sequoia expressly denies, the evidence shows that a Washington jury is likely to award Plaintiff at least $25,000 in non-economic damages.

**(3)    Attorneys' Fees.**

29.    Plaintiff seeks remedies under the Washington Law Against Discrimination, which permits recovery of attorneys' fees to a prevailing Plaintiff. Wash. Rev. Code § 49.60.030(2).

NOTICE OF REMOVAL - 7
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Plaintiff expressly seeks recovery of her attorneys' fees. Complaint at Section IX. Prayer for Relief.

30. While Sequoia will vigorously deny that Plaintiff is entitled to any recovery, including attorneys' fees under Washington law, attorneys' fees are "at stake" at the time of removal.

31. The Ninth Circuit's recent holding in *Chavez* clarified that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred to-date. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8 (N.D. Cal. 2019) (applying *Chavez* and estimating attorneys' fees through trial).

32. Washington courts have adopted the lodestar method for calculating reasonable attorney fees that a plaintiff incurs in prosecuting claims under most statutes. *See, e.g.*, *Collins v. Clark County Fire Dist. No. 5,* 155 Wn. App. 48, 99, 231 P.3d 1211 (2010). In a single-plaintiff employment lawsuit that the Court described as "not an extraordinary case," the Court approved a lodestar fee of $92,906.50. *Lane v. Grant County,* No. CV-11-309-RHW, 2013 WL 5306986, at *7 (E.D. Wash. 2013).

33. To determine the amount of attorneys' fees, a removing defendant may estimate the amount of time required by the case and may also estimate plaintiff's counsel's hourly billing rate. *In re Volkswagen*, 2019 WL 957578, at *7-8 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quoting *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).

34. Courts in the Ninth circuit have estimated the number of hours for employment cases between 100 and 300 hours, and have held that a reasonable rate for employment cases is

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

estimated at $300 per hour. *Id.* at 1148; *Garcia,* 2014 WL 2468344, at \*5; *Sasso v. Noble Utah Long Beach, LLC,* 2015 WL 898468, at \*6 (C.D. Cal. 2015).

35.     Therefore, in this case, Plaintiff places at least $30,000 of attorneys' fees "at stake" (100 hours x $300 per hour).  Such an estimate is extremely conservative compared to attorney fee awards in other Washington cases involving wrongful discharge claims.  *See, e.g.*, *Bengtsson v. Sunnyworld International, Inc.*; Kong; Yin, JVR No. 1812270024 (King County 2017) ($331,038); *Quinn v. Everett Safe & Lock Inc.*; Topp, JVR No. 1503170028 (W.D. Wash. 2014) ($118,137); *Sawyer v. Automotive Equip. & Supply*, 2011 WL 7394632 (King County 2011) ($114,942.48).

**(4)     Summary.**

36.     Plaintiff alleges at least $136,744 in damages ($81,744 in special damages, $25,000 in general damages, and $30,000 in attorneys' fees).  The Court may aggregate these various theories of relief, which prove by a preponderance of the evidence that Plaintiff would recover over $75,000, if she prevails on her claims at trial

**III.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

37.     This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending.  *See* 28 U.S.C. § 1441(a).

38.     This Notice of Removal is being timely filed within 30 days of April 8, 2022, when, according to Plaintiff's Affidavit of Service, Sequoia received notice of the pleadings upon which this removal is based.  Additionally, this action may be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 because it is filed within one (1) year of the filing of the original Complaint in this action in state court.  *See* 28 U.S.C. § 1446(b).

39.     As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

NOTICE OF REMOVAL - 9
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

40.     As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Sequoia served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

### IV.   CONCLUSION

WHEREFORE, Defendant Sequoia Equities, Inc. respectfully requests that this case be removed from the King County Superior Court of the State of Washington to this Court.  Sequoia reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

Respectfully submitted this 9th day of May, 2022.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Adam T. Pankratz*
By: */s/ Emma A. Healey*
    Adam T. Pankratz, WSBA #50951
    Emma A. Healey, WSBA #58384
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone:  (206) 693-7057
    Facsimile:  (206) 693-7058
    Email:    adam.pankratz@ogletree.com
              emma.healey@ogletree.com

*Attorneys for Defendant Sequoia Equities, Inc.*

NOTICE OF REMOVAL - 10
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, I filed the foregoing NOTICE OF REMOVAL via the method(s) below on the following parties:

Sumeer Singla, WSBA #32852
Gabrielle Lindquist, WSBA #57177
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Facsimile:  (206) 628-6611
Email:     ssingla@williamskastner.com
              glindquist@williamskastner.com

Lawand Anderson, WSBA #49012
L.A. LAW & ASSOCIATES
22030 7th Avenue South, Suite 103
Des Moines, WA  98198
Telephone:  (206) 817-0577
Facsimile:  (888) 694-2619
Email:    Lawand@LAlaw.legal

*Attorneys for Plaintiff Denita Jones*

☒     by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐     by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒     by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 9th day of May, 2022 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

NOTICE OF REMOVAL - 11
Case No. 2:22-cv-00626

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058